**DeNITTIS OSEFCHEN PRINCE, P.C.**
Ross H. Schmierer, Esq. (RS7215)
315 Madison Avenue, 2rd Floor
New York, New York 10017
(646) 979-3642
rschmierer@denittislaw.com

*Attorneys for Plaintiff*

**HIRALDO, P.A.**
Manuel S. Hiraldo, Esq.
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, Florida 33301
(954) 400-4713
mhiraldo@hiraldolaw.com
(*Pro Hac Vice* Application Forthcoming)

<div align="center">

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

</div>

| | |
|---|---|
| JARED HOLLAND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SPRING ENERGY RRH, LLC D/B/A SPRING POWER & GAS, and RRH ENERGY SERVICES LLC, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT AND JURY DEMAND** <br><br> **PUTATIVE CLASS ACTION** |

## INTRODUCTION

1.     Plaintiff Jared Holland ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants Spring Energy RRH, LLC d/b/a Spring Power & Gas ("Spring Energy") and RRH Energy Services LLC ("RRH Energy")(collectively referred to as "Defendants"), in negligently and/or willfully calling Plaintiff with a pre-recorded message on Plaintiff's cellular telephone, without Plaintiff's express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges the following upon personal knowledge as to himself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

<div align="center">1</div>

2.      The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff.  "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA."  Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

3.      In enacting the TCPA, Congress intended to give consumers a choice as to how corporate and similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer."  TCPA, Pub. L. No. 102–243, § 11.  In support of this, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.      Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…."  Id. at §§ 12-13.

5.      Persons, like Plaintiff herein, have no control to stop unsolicited and unwanted pre-recorded messages from being sent to their cell phones.

6.      Plaintiff and the members of the proposed class received unsolicited prerecorded messages from Spring Energy and/or RRH, all because Spring Energy and/or RRH wished to advertise and market their products and services for their own benefit.

## JURISDICTION AND VENUE

13.     This Court has federal question jurisdiction because this case arises out of violations of federal law.

14.     Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and 1441(a) because upon information and belief, Defendant Spring Energy is subject to personal jurisdiction in Kings County, New York and Defendant RRH is subject to personal jurisdiction in Kings County, New York.

## PARTIES

15.     Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Virginia.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

16.     Defendant Spring Energy is upon information and belief a New York limited liability company with its principle place of business located at 415 Wythe Avenue, Brooklyn NY 11249. Spring Energy is an energy retailer which operates in several states including New Jersey and Maryland.

17.     Defendant RRH is upon information and belief a New York limited liability company with its principle place of business located at 415 Wythe Avenue, Brooklyn NY 11249. RRH is an energy services management company overseeing energy businesses across several states. Upon information and belief, Defendant RRH manages the core operations of Defendant Spring Energy including its marketing.

## FACTS

19.     To remain competitive and increase sales of their energy services, Spring Energy and/or RRH have resorted to unlawful telemarketing campaigns to the detriment of unsuspecting consumers like Plaintiff.

20.     Specifically, on or about August 2, 2018, Spring Energy and/or RRH or their agents, called Plaintiff's cellular telephone ending in 3825 ("3825 Number") with the following prerecorded message:



**Voicemail**

**+1 (732) 394-1826**
phone
August 2, 2018 at 6:06 PM

Transcription Beta
"Hi this is Jason Smith calling about your electric account you are eligible for cash back after 12 months in our loyalty program to find out more please give me a call back at 732-394-1856 and have a copy of your statement available your reference number is NJ 342-1812..."

Was this transcription useful or not useful?

0:00                                        -0:25

Speaker        Call Back        Delete

21.     The prerecorded message markets Spring Energy and/or RRH's electric services and asks Plaintiff to call Spring Energy and/or RRH back at 732-394-1856 (the "Number") with a copy of his electric statement.

22.     On or about August 2, 2018, Plaintiff called the Number and spoke to Spring Energy and/or RRH, or their agents, and was informed that he was speaking to "Spring Energy".

23.     Plaintiff is the subscriber and sole user of the 3825 Number.

24.     At no point in time did Plaintiff provide Defendants with his express consent to be contacted by a prerecorded message on his cellular phone.

25.     Defendants were required to obtain Plaintiff's "prior express consent," as defined under the TCPA, before transmitting the prerecorded message.

26.     Under the TCPA, "prior express consent" is defined as:

> an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisement or telemarketing messages to be delivered.

47 C.F.R. § 64.1200(f)(8).

27.     Plaintiff further alleges that Spring Energy and/or RRH, or their agent, sent prerecorded messages not only to Plaintiff, but also to numerous other individuals, on their cellular telephones, without obtaining their prior express written consent.

28.     The prerecorded messages were sent to Plaintiff and the putative class for general marketing purposes, for the commercial benefit of Spring Energy and/or RRH, and specifically to solicit customers for their energy businesses.

29.     Upon information and belief, the Number is owned and/or operated by or on behalf of Spring Energy and/or RRH.

30.     The pre-recorded message was not sent to Plaintiff and the putative class for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

31.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using… an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

32.     As outlined herein, the unsolicited prerecorded message sent by Spring Energy and/or RRH or their agents to Plaintiff and the putative class violated 47 U.S.C. § 227(b)(1).

33.     Defendants' unsolicited calls caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's calls also inconvenienced Plaintiff and caused disruption to his daily life.

## CLASS ACTION ALLEGATIONS

46.     Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a proposed class defined as:

> **All persons within the United States who, within the four years prior to the filing of this Complaint; were called with a prerecorded message; from Defendants or anyone on Defendants' behalf; to said person's cellular telephone number, without their prior express written consent.**

47.     The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

48.     The exact number and identities of the persons who fit within the proposed class are ascertainable, in that Defendants' maintains written and electronically-stored records of all texts that were sent, the dates they were sent, and the telephone numbers to which they were sent.

49.     The proposed class is composed of over 1,000 persons.

50.     The claims in this action arise exclusively from Defendants' uniform policies as alleged herein, from uniformly-worded prerecorded messages sent by Defendants or their agents.

51.     No violations alleged are a result of any oral communications or individualized interaction between any class member and Defendants.

52.     There are common questions of law and fact affecting the rights of the class members, including, inter alia, the following:

    a)  Whether Defendants or their agents sent prerecorded messages to the cellular telephones of Plaintiff and the class;

    b)  Whether Defendants obtained express written consent from Plaintiff and the class before sending such prerecorded messages;

    c)  Whether Defendants' uniform policies and common course of conduct, as alleged herein, violated the TCPA;

    d)  Whether Plaintiff and the class are entitled to damages arising from Defendants conduct alleged herein; and

    e)  Whether Plaintiff and the class are entitled to an order for injunctive and declaratory relief, enjoining Defendants from carrying on the policies alleged herein.

53.    Plaintiff is a member of the class he seeks to represent.

54.    The claims of Plaintiff are not only typical of all class members, they are identical in that they arise from Defendants' uniform policies and prerecorded messages and are based on the same legal theories of all class members.

55.    Plaintiff has no interest antagonistic to, or in conflict with, the class.

56.    Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

57.    Defendants have acted and refused to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

58.    The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

59.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, inter alia, the damages suffered by each class member were less than $500 per person and individual actions to recoup such an amount are not economically feasible.

60.    Common questions will predominate, and there will be no unusual manageability issues.

## COUNT I

### NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227, et seq.

63.    Plaintiff incorporates by reference all of the above paragraphs of his Complaint as though fully stated herein.

64.    The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, et seq.

65.    As a result of Defendants' negligent violations of 47 U.S.C. § 227, et seq., Plaintiff and the class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

66.    Plaintiff and the class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS
### OF THE TCPA, 47 U.S.C. § 227, et seq.

67.    Plaintiff incorporates by reference all of the above paragraphs of his Complaint as though fully stated herein.

68.    The foregoing acts and omissions of Defendants constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

69.    As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, et seq., Plaintiff and the class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

70.    Plaintiff and the class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and members of the class respectfully pray for the following relief:

A.  Certification of the class under Fed. R. Civ. P. 23;

B.  On the First Count, as a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(2)(D), Plaintiff and each member of the Class is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

C.  On the Second Count, as a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(2)(D), Plaintiff and each member of the Class is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

D.  An Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendants from violating 47 U.S.C. § 227(b)(2)(D);

E.  Attorney's fees and costs; and

F.  Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of herself and all others similarly situated, demands a trial by jury on all questions of fact raised by the Complaint.


Dated: October 4, 2018

<div style="margin-left: 40%;">

**DeNITTIS OSEFCHEN PRINCE, P.C.**


By:     /s/ Ross H. Schmierer
       Ross H. Schmierer, Esq.
       Stephen P. DeNittis, Esq.
       315 Madison Avenue, 3rd Floor
       New York, New York 10017
       (T) (646) 979-3642
       rschmierer@denittislaw.com


       **HIRALDO, P.A.**
       Manuel S. Hiraldo, Esquire
       (*Pro Hac Vice* Application Forthcoming)
       401 E. Las Olas Boulevard, Suite 1400
       Fort Lauderdale, Florida 33301
       (T): (954) 400-4713
       mhiraldo@hiraldolaw.com


       *Attorneys for Plaintiff*

</div>

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: October 4, 2018

**DeNITTIS OSEFCHEN PRINCE, P.C.**

By:     *s/ Ross H. Schmierer*
Ross H. Schmierer, Esq.
315 Madison Avenue, 3rd Floor
New York New York 10017
(T): (646) 979-3642
rschmierer@denittislaw.com

*Attorneys for Plaintiff*